**Carl W. RAETZSCH,**
**Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

**No. 78–1099**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

June 21, 1978.

Carl W. Raetzsch, pro se.

J. A. Canales, U. S. Atty., James R. Gough, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., for respondent-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

Raetzsch appeals from denial of his motion, pursuant to 28 U.S.C. § 2255, asserting that his guilty plea was involuntary because given while under the influence of a narcotic. The sentencing court denied relief without a hearing. Since we agree that the records in the case show conclusively that Raetzsch is entitled to no relief, we affirm.

The narcotic was methadone, administered to Raetzsch in diminishing, controlled

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

dosages pursuant to a detoxification program entailed by his heroin habit. At the time of his plea, on September 27, 1974, he was in the third phase of dose reduction for that month, having received 60 milligrams of methadone that morning by contrast with 100 per day at the beginning of September.

The Supreme Court has recognized that proper administration of methadone eliminates the craving for heroin without producing euphoria. *United States v. Moore*, 423 U.S. 122, 125, 96 S.Ct. 335, 46 L.Ed.2d 333 (1975). There is no contention that Raetzsch's program was not properly conducted or that he was receiving more than his prescribed dosage. Moreover, he advised the court of his condition at the plea hearing and asserted that the methadone had no effect on his ability to understand the proceedings. His responses to the court's questions were coherent and appropriate then, as they were at sentencing nine weeks later when he was still on the methadone program. It is all too plain that he had a rational as well as a factual understanding of the plea proceeding, *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960), and that the court's finding that he did is compelled by the record.

AFFIRMED.