WILBERT L. HABERTHIER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Haberthier v. Commissioner
Docket No. 10686-83.
United States Tax Court
T.C. Memo 1984-377; 1984 Tax Ct. Memo LEXIS 291; 48 T.C.M. (CCH) 573; T.C.M. (RIA) 84377; July 24, 1984. Wilbert L. Haberthier, pro se. William F. Carrow, for the respondent. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: By statutory notice of deficiency dated February 8, 1983, respondent determined deficiencies in petitioner's Federal income tax liabilities and additions to tax as follows: Additions to tax, I.R.C. Sections
Year
Deficiency
6651(a)
6653(a)
6654
1979
$4,057
$1,014
$203
$170
1980
9,035
2,259
452
577
1981
10,043
2,511
502
770
*293 After concessions by the petitioner, the issues for decision are (1) whether petitioner's motion to dismiss for lack of jurisdiction and denial of due process should be granted; (2) whether petitioner has adequately substantiated claimed educational, travel, and moving expenses; (3) whether petitioner may be relieved of his agreement to the Stipulation of Facts; (4) whether petitioner is liable for the additions to tax under section 6651(a) [1] for failure to file a Federal income tax return, under section 6653(a), for negligence or intentional disregard of rules and regulations with respect to Federal income taxes, and under section 6654 for failure to pay individual estimated tax. FINDINGS OF FACT Petitioner Wilbert L. Haberthier resided in Aurora, Colorado, when his petition herein was filed. Petitioner filed his purported Federal income tax returns late on June 20, 1980, July 31, 1981, and April 19, 1982, for the years 1979, 1980, and 1981, respectively. At trial in Denver, Colorado, on March 16, 1984, petitioner testified as the sole witness, submitted no documentary *294 evidence, and filed the motion to dismiss. Petitioner's Federal income tax "returns" for the years 1979, 1980, and 1981, consisted of little more than petitioner's name and other identifying information, and with the exception of the "return" for 1979, did not reflect any income earned or expenditures made by petitioner. During the years in controversy, petitioner received approximately $100 to $150 annually as income from nutritional counseling services he rendered to individuals in Oregon and Colorado. Petitioner now claims $15,000 in educational and travel expenses. Petitioner does not specify that portion of the $15,000 was expended in 1979, 1980, and 1981. [2]
Petitioner allegedly was enrolled in college courses at three schools to obtain training and qualification in naturopathy. [3]One school apparently *295 was located in Phoenix, Arizona, and petitioner allegedly made monthly trips from his home in Oregon to attend this school in Phoenix. Petitioner deducted the alleged air fare and the alleged cost of meals and lodging incurred in connection with the monthly trips to Phoenix, as well as expenses allegedly incurred with respect to attendance at other schools. Petitioner also now claims he incurred "about $900" in 1979 and "about $650" in 1981 as deductible moving expenses. The moves were allegedly motivated by petitioner's desire to start a practice of naturopathy in a new state. Petitioner offered no documentary evidence to substantiate any of the educational, travel, or moving expenses he now claims. The Stipulation of Facts, which was signed and submitted by the parties at trial, reflected petitioner's concession to certain adjustments made by respondent. There *296 days after the trial, petitioner submitted an affidavit in which he attempts to revoke the Stipulation of Facts, stating that he agreed to the stipulation without fully understanding its meaning. OPINION Petitioner's Motion to Dismiss
Petitioner moves the Court to dismiss the petition herein and contests the jurisdiction of this Court to resolve disputes concerning Federal income taxes on the grounds that this Court is unconstitutional. This contention is wholly without merit and untenable in light of prior judicial precedent that has repeatedly upheld the constitutionality of this Court on the basis of congressional authority to create specialized courts under Article I of the Constitution. E.g., Raetzsch v. United States,575 F.2d 549 (5th Cir. 1978); Stix Friedman & Co. v. Coyle,467 F.2d 474 (8th Cir. 1972); Nash Miami Motors, Inc. v. Commissioner,358 F.2d 636 (5th Cir.), cert. denied 385 U.S. 918 (1966); Martin v. Commissioner,358 F.2d 63 (7th Cir.), cert. denied 385 U.S. 920 (1966). Petitioner relies on Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,458 U.S. 50 (1982), *297 wherein the Supreme Court held unconstitutional the broad grant of jurisdiction to bankruptcy courts. Any application of the Northern Pipeline case to this Court was considered and specifically rejected in Rowlee v. Commissioner,80 T.C. 1111 (1983), and we reject it herein. Petitioner next contends that his petition should be dismissed because he claims he was coerced by respondent to file the petition and because he was unaware that by so doing he both waived his right to a jury trial and assumed the burden of proof on all issues. This argument also is without merit. By issuing a notice of deficiency, respondent did not force petitioner to become a "petitioner" in this Court. [4] Indeed, respondent informed petitioner in the notice of deficiency that petitioner had the option to pay the deficiency and file a suit for refund in a United States district court or in the United States Claims Court. With regard to petitioner's claim of a right to a jury trial, all prior judicial precedent has held that there is no constitutional right to a jury trial in this Court.E.g., McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), *298 aff'g. 76 T.C. 1027 (1981); Lonsdale v. Commissioner,661 F.2d 71, 72 (5th Cir. 1981), affg. a Memorandum Opinion of this Court; Dorl v. Commissioner,507 F.2d 406 (2d. Cir. 1974), aff'g. 57 T.C. 720 (1972). Petitioner's reliance on United States v. Anderson,584 F.2d 369 (10th Cir. 1978), is misplaced. Anderson involved the taxpayer's right to a jury trial in Federal income tax litigation before a United States district court and has dno bearing on such a right in cases before this Court. [5]
The placement of the burden of proof on petitioner with regard to determinations made in the notice of deficiency is fully supported by Court rule and legal authority, and merits no discussion. [6]Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
*299 Petitioner has presented no meritorious argument in support of his motion to dismiss and the motion is denied. Educational, Travel and Moving Expenses
Expenses actually incurred by a taxpayer for education are deductible as ordinary and necessary business expenses if the education maintains or improves skills required by the taxpayer in his employment or other trade or business, or if the education meets the express requirements of the taxpayer's employer or of applicable law or regulations imposed upon the taxpayer as a condition of continued employment. Section 1.162-5(a), Income Tax Regs.Educational expenses that meet the foregoing definition are nonetheless nondeductible if the education is part of the minimum educational requirements for qualification in the taxpayer's business or employment or if the education is part of a program of study being pursued by the taxpayer that will lead to qualifying him in a new trade or business. Section 1.162-5(b), Income Tax Regs. If educational expenses are deductible, expenses incurred incident thereto, including travel, meals, and lodging, are also deductible. Section 1.162-5(e), Income Tax Regs.
A taxpayer may also deduct *300 the reasonable expenses actually incurred in moving to a new residence if the move was made to enable the taxpayer to begin work as an employee or as a selfemployed individual at a new principal place of work. Section 217(a). To deduct moving expenses, the taxpayer must demonstrate (1) that the new principal place of work is at least 35 miles farther from his former residence than was his former principal place of work, section 217(c)(1)(A); and (2) that during the 12-month period immediately following his arrival in the general location of his new principal place of work, the taxpayer was employed full-time in such general location for at least 39 weeks, or that during the 24-month period immediately following his arrival in the general location of his new principal place of work, the taxpayer was a full-time employee or performed services as a self-employed individual on a full-time basis, in such general location, for at least 78 weeks, of which at least 39 weeks were during the initial 12-month period. Section 217(c)(2)(A) and (B). A further limitation that applies to claimed educational, travel, and moving expenses is that the expenses actually be incurred. In order to establish *301 that claimed expenses were incurred, adequate substantiation must be provided. Section 1.162-17, Income Tax Regs; White v. Commissioner,685 F.2d 450 (9th Cir.), aff'g. a Memorandum Opinion of this Court, cert. denied 459 U.S. 1088 (1982); Garcia v. Commissioner,T.C. Memo. 1983-264. The rule in Cohan v. Commissioner,39 F.2d 540, 544 (2d Cir. 1930), provides this Court with flexibility to approximate the amount of petitioner's educational and moving expenses, but only upon an initial showing by petitioner that such expenses actually were incurred. See, White v. Commissioner,supra;Andrews v. Commissioner,685 F.2d 429 (4th Cir. 1982), aff'g. a Memorandum Opinion of this Court. With regard to travel expenses, the Cohan rule is inapplicable. Petitioner must satisfy the substantiation requirement of section 1.274-5(a)(1), Income Tax Regs., by submitting specific documentation of the alleged expense. Petitioner testified that his educational and travel expenses were incurred in pursuit of training in naturopathy and that his moving expenses were incurred in starting a practice *302 of naturopathy in a new state. Petitioner failed, however, to demonstrate that the education was not acquired in order to meet the minimum educational requirements for licensed practitioners of naturopathy or would not lead to qualify petitioner in a new trade or business. Therefore, petitioner may not deduct the costs incurred herein for alleged educational training as ordinary and necessary business expenses. Section 1.162-5(a) and (b), Income Tax Regs.
Petitioner also has failed to demonstrate that his move to Oregon in 1979 and back to Colorado in 1981 enabled him to begin work as an employee or as a self-employed individual at a new principal place of work. He also failed to prove that he was a full-time employee for at least 39 weeks during the 12-month period immediately following the move to the new location, or that he was an employee or a self-employed individual and worked full-time for at least 78 weeks during the 24-month period immediately following the move to the new location. Therefore, under the provisions of section 217, petitioner may not deduct his alleged moving expenses. Moreover, petitioner offered no documentary evidence to substantiate the actual *303 amount of the educational, travel, and moving expenses he incurred in each year, nor did he give specific testimony from which this Court could adequately approximate the educational or moving expenses. We must, therefore, hold for respondent and deny petitioner the deductions claimed. Revocation of the Stipulation of Facts
Petitioner seeks revocation of the Stipulation of Facts based solely on his fear that the stipulation will adversely affect the Constitutional issues he raises. He apparently, however, does not wish to dispute any of the specific items covered by the stipulation. His basis for seeking to be relieved of the stipulation is that he was psychologically unable to realize fully what the stipulation contained. Rule 91(e), Tax Court Rules of Practice and Procedure, provides, in relevant part: A stipulation shall be treated, to the extent of its terms, as a conclusive admission by the parties to the stipulation, unless otherwise permitted by the Court or agreed upon by those parties.The Court will not permit a party to a stipulation to qualify, change, or contradict a stipulation in whole or in part, except that it may do so where justice requires. *304 Thus, we must decide whether justice requires this Court to permit petitioner to revoke the Stipulation of Facts. We find that it does not. The Stipulation of Facts filed herein is immaterial to a resolution of this case because petitioner has presented no documentary or testimonial evidence to demonstrate that respondent's determinations were erroneous. Consequently, regardless of the Stipulation of Facts, we would hold for respondent. Justice does not require, nor would justice be served by granting petitioner's request, and the request is therefore denied. Additions to Tax under Sections 6651(a), 6653(a), and 6654
Additions to tax were determined by respondent for (1) failure to file a Federal income tax return under section 6651(a); (2) negligence or intentional disregard of rules and regulations with respect to Federal income taxes under section 6653(a); and (3) failure to pay individual estimated tax under section 6654. Additions to tax under sections 6651(a), 6653(a), and 6654 are presumed correct and are generally upheld, unless the taxpayer presents evidence controverting their applicability. See, among others, for additions to tax under section 6651(a), *305 Abramo v. Commissioner,78 T.C. 154, 163 (1982); for additions to tax under section 6653(a), Foster v. Commissioner,80 T.C. 34, 237 (1983); for additions to tax under section 6654, Grosshandler v. Commissioner,75 T.C. 1, 20-21 (1980). Petitioner has presented no evidence to dispute respondent's determinations. Accordingly, we hold for respondent as to all three additions to tax. In light of the above conclusions, An appropriate order will be issued and decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Although not entirely clear from the record, it appears that petitioner first claimed educational expenses in his Federal income tax "return" for 1979. However, the amount reflected in the 1979 "return" was $5,292, rather than $15,000, the amount that petitioner now claims. There are no claimed educational expenses in petitioner's "returns" for 1980 and 1981.↩
3. Naturopathy is defined as "a system of treatment of disease emphasizing assistance to nature and sometimes including the use of various medicinal substances (as herbs, vitamins, and salts) and certain physical means (as manipulation and electrical treatment)." Webster's Third New International Dictionary (1971).↩
4. Crowder v. Commissioner,T.C. Memo. 1978-273↩.
5. Garcia v. Commissioner,T.C. Memo. 1979-151↩.
6. Petitioner argues, relying on Speiser v. Randall,357 U.S. 513 (1958), that it is a denial of due process to require petitioner to bear the burden of proof in Federal tax litigation. Petitioner misapplies the holding of the Supreme Court in Speiser, wherein plaintiffs were denied a California state tax exemption provided for veterans because they refused to swear an oath that they did not advocate the overthrow of the government of the United States. California law required plaintiffs to bear the burden of establishing their entitlement to the exemption, i.e., that they did not advocate the overthrow of the government. The Supreme Court held that this law impermissibly deterred plaintiffs' exercise of free speech and that due process demands that speech be unencumbered until the state comes forward with sufficient proof to justify its inhibition. 357 U.S. at 529. Speiser↩ is inapplicable where there is no chilling effect on the exercise of constitutionally guaranteed civil liberties.