**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Carl W. RAETZSCH,**
**Defendant-Appellant.**

**No. 84–2250**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 5, 1986.

---

2. Indeed, the district court made no finding as to the amount of time that elapsed before Pyatt

emerged.

**1150**

Carl W. Raetzch pro se.

Henry K. Oncken, U.S. Atty., Susan L. Yarbrough, James R. Gough, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellee.

Before ALVIN B. RUBIN, JOHNSON and EDITH H. JONES, Circuit Judges.

## OPINION

EDITH HOLLAN JONES, Circuit Judge:

The only issue on which this court granted Raetzsch's motion to proceed in forma pauperis is whether his unsupported allegation of an unkept plea bargain merits an evidentiary hearing under oath when his plea statements to the contrary were not given under oath. We hold that such allegation, in the context of the present case, does not require a hearing, and we therefore affirm the judgment of the district court.

Raetzsch pleaded guilty in federal court, upon advice of counsel, to possession of heroin with intent to distribute in September 1974 and was sentenced to twelve years imprisonment with special parole following. His first habeas corpus petition was unsuccessful, as this court declined to rule that his guilty plea was invalid because of his being under the influence of methadone at the time of the hearing. *Raetzsch v. United States*, 575 F.2d 549 (5th Cir.1978). No allegation of an unkept plea bargain was made at that time.

In November 1983, nine years following the guilty plea, Raetzsch for the first time sought habeas corpus relief based on the allegation that his counsel promised that if he pled guilty, he would be sentenced to commitment under the Narcotics Addict Rehabilitation Act (NARA), 28 U.S.C. §§ 2901 *et seq.*, rather than to jail, and that this bargain was not enforced by the government.

Although Raetzsch's separate guilty plea and sentencing hearings were both transcribed, it does not appear whether he testified under oath. Nevertheless, the court questioned Raetzsch at length concerning the voluntariness of his plea, the absence of any plea agreements, and his rights and liabilities in connection with or pursuant to the plea. Raetzsch on several occasions denied that any plea bargain had been made. Both his court-appointed counsel and the prosecutor similarly denied the existence of any agreement. In Raetzsch's first appeal to this court, it was noted that, "[h]is responses to the court's questions were coherent and appropriate then, as they were at sentencing nine weeks later.... It is all too plain that he had a rational as well as a factual understanding of the plea proceeding...." 575 F.2d at 550.

If Raetzsch were entitled to an evidentiary hearing, pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, it would be solely because of the absence of a statement in the transcript that Raetzsch had been sworn in connection with the plea proceeding. Fed.R.Crim.P. 11. That hearing occurred in September 1974, only four and one-half months after this court en banc ruled that "[t]he defendant shall be placed under oath" in such hearings. *Bryan v. United States*, 492 F.2d 775, 781 (5th Cir.) (en banc), *cert. denied*, 419 U.S. 1079, 95 S.Ct. 668, 42 L.Ed.2d 674 (1974). Whether or not the trial court was aware of the *Bryan* mandate at the time of Raetzsch's Rule 11 hearing does not appear on the record. What does appear is a thorough and consci-

entious probing by the trial court of Raetzsch's comprehension of the guilty plea and its consequences. While the failure to place Raetzsch under oath, if that indeed occurred, would constitute a violation of *Bryan*, we believe this omission does not require that an evidentiary hearing be held for several reasons.

First, even though the en banc court utilized *Bryan's* habeas petition as a vehicle to set forth the procedures governing Rule 11 hearings (at a time when the rule was much less comprehensive than it is today), Bryan himself did not benefit from these changes, as the court's rules were announced prospectively. The court found his assertions of an unkept plea bargain, which were uncorroborated and at odds with statements of the judge, prosecutor and Bryan's own attorney, incredible. Thus, it is not clear from *Bryan* itself whether failure to comply with the procedures announced therein would or could automatically entitle a petitioner to some relief.

Subsequently, in *United States v. Maggio*, 514 F.2d 80, 91 (5th Cir.), *cert. denied*, 423 U.S. 1032, 96 S.Ct. 563, 46 L.Ed.2d 405 (1975) the court held that:

> The *Bryan* requirement that a defendant be placed under oath was to preclude collateral attacks on a guilty plea by a defendant asserting that his representations to the court when he entered the plea were fabricated.

The purpose of this requirement thus being principally for the benefit of the government rather than the petitioner, *Maggio* held that failure of the district court to require an oath would only warrant relief if some prejudice had resulted to petitioner, and none was found. In this case, Raetzsch does not appear to have been prejudiced by the absence of an oath at his Rule 11 hearing. The court carefully inquired into the predicate facts for the guilty plea and whether any plea bargain had been arranged. He consistently denied it.

Subsequent development of criminal procedure confirms that the trial court's alleged error was at most harmless. In *Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977), the Supreme Court stated that, "the representations of the defendant, his lawyer, and the prosecutor at ... a [guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* at 73–74, 97 S.Ct. at 1629, 52 L.Ed.2d at 147. In that case the petitioner's plea hearing in the State of North Carolina was not transcribed, the only record having been maintained on a three-page form allegedly identifying the questions posed by the court and petitioner's responses concerning his guilty plea. The procedures embodied in *Bryan*, which forecasted the adoption of significant amendments to Federal Rule of Criminal Procedure 11 in 1975, were hardly met. Nevertheless, the Supreme Court described as "formidable" and "imposing" the barrier that stands before a petitioner who desires collateral relief from his guilty plea. Although the Court did reverse and remand for an evidentiary hearing, it emphasized that "not ... every set of allegations not on its face without merit entitles a habeas corpus petitioner to an evidentiary hearing." *Id.* at 80, 97 S.Ct. at 1632, 52 L.Ed.2d at 151. Thus, there must be independent indicia of the likely merit of the petitioner's contentions, and mere contradiction of his statements at the guilty plea hearing will not carry his burden.

Our conclusion is further buttressed by the Supreme Court's decision in *United States v. Timmreck*, 441 U.S. 780, 784, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634, 638 (1979), where the Court held that technical violations of Rule 11 (as it existed at the date of Raetzsch's guilty plea and the *Bryan* decision) will not justify the award of habeas relief in the absence of a "complete miscarriage of justice" or a proceeding "inconsistent with the rudimentary demands of fair procedure." Adopting this view, Rule 11

was again amended in 1983 to add subdivision (h), providing that any variance from its procedures "which does not affect substantial rights shall be disregarded." The purpose of this amendment was to engraft the harmless error doctrine into review of Rule 11 hearings.

Raetzsch's allegations that a plea bargain was not kept are uncorroborated and inconsistent with the bulk of his conduct to date. His petition alleged no detailed and specific facts concerning the circumstances surrounding the making and breaking of the alleged plea bargain, as did the petitioner in *Blackledge*. Raetzsch never raised the issue of an unkept plea bargain until eleven years after his conviction and on his second habeas petition. Moreover, the requirement of an oath, as was pointed out in *Maggio* and in the Official Comment to Rule 11(g), is designed more for the protection of the government than the petitioner, in that it makes available prosecution for false swearing if a defendant has committed perjury at a plea hearing. Thus, under all the circumstances of this case, we conclude that the error of the trial court in failing to put Raetzsch on oath prior to his testimony at the Rule 11 hearing was harmless.

For the foregoing reasons, the judgment of the district court is AFFIRMED.