# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2019

Lyle W. Cayce
Clerk

No. 17-30503

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOHNNY SMITH,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana

Before STEWART, CLEMENT, and HO, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

## BACKGROUND

Defendant Johnny Smith pleaded guilty to producing and possessing child pornography. As part of a plea agreement, he waived many of his rights to a direct appeal and collateral challenges under 28 U.S.C. § 2255. He maintained his right to bring a collateral challenge if ineffective assistance of counsel undermined the validity of the plea or waiver themselves.

Smith later filed a § 2255 motion raising various claims of ineffective assistance of counsel and other constitutional claims. In responding to Smith's motion, the government made a deliberate choice not to enforce the collateral-challenge waiver. The district court nonetheless enforced the waiver sua

sponte. In its order, the district court found that Smith "waived his right to contest his conviction or sentence in any collateral proceeding, including under 28 U.S.C. § 2255, except if he established that ineffective assistance of counsel directly affected the validity of his waiver of appeal and collateral challenge rights or the validity of the guilty plea itself." The court concluded that ineffective assistance of counsel did not undermine the voluntariness of Smith's plea or waiver and, therefore, that the waiver barred consideration of Smith's remaining substantive claims. The court then denied Smith a certificate of appealability ("COA").

Acting pro se, Smith timely requested a COA from this court, which we also construed as a notice of appeal. A judge of this court granted Smith a COA on "whether the Government's answer invoked Smith's waiver and whether the district court erred by enforcing it to bar Smith from presenting his constitutional claims," and "whether the language of the waiver contained a waiver of a collateral challenge to his conviction and whether counsel and the district court erred by incorrectly explaining the substance of the plea agreement." The judge directed the government "to address these issues and all other constitutional issues raised in Smith's COA motion," and appointed counsel to argue Smith's appeal.

## ANALYSIS

At the outset, the government argues that we should not reach the merits of Smith's procedural or substantive claims because of defects in the certificate of appealability. COAs are governed by 28 U.S.C. § 2253(c):

> (1)  Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255.

(2)    A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3)    The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

The government finds two flaws in the COA here. Though the government concedes that the district court erred in enforcing Smith's collateral-review waiver sua sponte, it nonetheless insists that no COA should have issued because Smith did not raise that error in his COA motion. Since Smith did not raise the issue, the government argues, "*the applicant*" has not "made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2) (emphasis added). The government next argues that it was error to issue a COA directing the government to address all the constitutional issues in Smith's motion without "indicating which specific issue or issues satisfy the showing required by [§ 2253(c)(2)]." *Id.* § 2253(c)(3). We first address § 2253(c)(3).

We agree that a COA that fails to "indicate which specific issue or issues satisfy the showing required" violates the clear command of § 2253(c)(3). Issuing a COA instructing the government "to address . . . all other constitutional issues raised in Smith's COA motion" was a legal error. But this does not end our analysis. While the *existence* of a COA is a "jurisdictional prerequisite" to an appeal, *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), the *content* of the COA required by § 2253(c)(3) "is a mandatory but nonjurisdictional rule," *Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012). We can correct this nonjurisdictional defect "by considering an amendment to the COA." *Id.* at 146.

No. 17-30503

Before we can amend the COA to include a particular claim, we must verify whether Smith "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). For the constitutional claims that the district court rejected on the merits, Smith "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* We have discretion to "proceed[ ] first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485.

It is apparent from this record that Smith has not made a substantial showing on the merits of any constitutional claim. Each claim contradicts the sworn testimony he gave during the plea colloquy at his re-arraignment. He testified, among other things, that (1) he was satisfied with the performance of his attorney, (2) he had not been pressured into pleading guilty and was doing so of his own free will, (3) he was waiving his right to proceed by grand jury indictment, (4) he understood the elements of the crimes he was charged with, including the definition of child pornography and the interstate commerce element, (5) these elements were supported by a factual basis, and (6) he was actually guilty of these crimes.

This court "generally will not allow a defendant to contradict his testimony given under oath at a plea hearing." *United States v. McDaniels*, 907 F.3d 366, 371 (5th Cir. 2018). "[T]here must be independent indicia of the likely

merit of the petitioner's contentions, and mere contradiction of his statements at the guilty plea hearing will not carry his burden." *United States v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir. 1986). This requires "specific factual allegations," typically "supported by the affidavit of a reliable third person." *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985). Here, Smith offers nothing but his own, largely conclusory statements to contradict his prior sworn testimony. Thus, he has failed to make a substantial showing on any constitutional claim.

First, Smith alleges that his attorney coerced him to plead guilty. His § 2255 motion included this supporting statement:

> Very early in the Movant's Criminal case, [Movant's attorney] began coercing the Movant to plead guilty by threat and duress of two things: A) That the Movant would receive life in prison for going to trial, thus guaranteeing a loss at trial, and B) That all of Movant's family members would be indicted as punishment for his demanding trial."

As the trial court explained, this accusation contains no supporting details about how or when this coercion happened. Even if "the affidavit of a reliable third person," is not required, "specific factual allegations" supported by more than "mere contradiction of his [earlier] statements" certainly are. *Raetzsch*, 781 F.2d at 1151; *accord United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). No reasonable jurist would find that the district court erred in rejecting this claim.[1]

Second, Smith argues that counsel's performance was deficient because she did not test the government's proof on the jurisdictional element of his

---

[1] Smith proffered a few additional details in his COA motion. We do not consider them because he never presented them to the district court. *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999) ("An appellate court may not consider new evidence furnished for the first time on appeal . . . ."). In any event, these details would not change our conclusion that Smith failed to make a substantial showing on this claim.

charge for producing child pornography—that the "visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce." *See* 18 U.S.C. § 2251(a). In the factual basis for his guilty plea, though, Smith admitted that he "used a hand-held digital recording device that was manufactured outside of the State of Louisiana to record the sexually explicit conduct." Again, Smith provides nothing but contrary assertions to rebut his earlier sworn testimony, and thus fails to make a substantial showing on this claim.

Third, Smith argues that the district court lacked jurisdiction to accept his plea because he was never indicted by a grand jury. Though he signed a waiver of his right to grand jury indictment prior to his initial arraignment, he argues that the waiver was ineffective because it was not made in open court and because he was incompetent at the time. *See* Fed. R. Crim. P. 7(b) ("An offense punishable by imprisonment for more than one year may be prosecuted by information if the defendant—in open court and after being advised of the charge and of the defendant's rights—waives prosecution by indictment."); *United States v. Moore*, 37 F.3d 169, 173 (5th Cir. 1994) (waiver must be knowingly, understandingly, and voluntarily made). But Smith is wrong—the failure to secure an indictment is a nonjurisdictional error that he waived when he pleaded guilty. *United States v. Daughenbaugh*, 549 F.3d 1010, 1012–13 (5th Cir. 2008).

In any event, Smith fails to make a substantial showing on the merits of this claim. Even assuming his initial waiver was defective, he has never contested the validity of his subsequent waiver in open court during his re-arraignment. And our review of the re-arraignment transcript shows that Smith would have no basis for contesting it. Before accepting Smith's guilty plea, the district court asked, "I understand that you have waived your right

6

to a grand jury indictment. Is that correct?" Smith responded, "That is correct." His attorney then confirmed, "That is correct, Your Honor. There is a waiver of indictment in the record." The court then went on to confirm that Smith was not currently under the care of a psychiatrist and made a finding of fact that Smith was competent. The court confirmed with Smith that he had received a copy of the bill of information, had reviewed it with his lawyer, and understood the nature of the charges he was pleading to and the maximum penalties they carried. Then, when reviewing the terms of Smith's plea agreement, the court again asked, "Mr. Smith, do you understand that under this plea agreement, you have agreed to waive indictment and to plead guilty to Counts 1 and 2 of the superseding bill of information . . . ?" Smith responded, "Yes." For multiple reasons, then, we will not amend the COA to include this claim.

Smith raises a litany of other ineffective-assistance claims, none of which meets the standard to issue a COA:

- Counsel allowed Smith to plead guilty while he was incompetent.
  - o The district court found that Smith was competent before it accepted his guilty plea during re-arraignment, and Smith provides no evidence to rebut that finding.
- Counsel failed to move to suppress evidence from the warrantless retrieval of files from Smith's computer through peer-to-peer file-sharing software.
  - o Binding precedent from this court establishes that a person who voluntarily makes files available to the public by sharing them on a peer-to-peer network has no legitimate expectation of privacy in those files. *See United States v. Weast*, 811 F.3d 743, 746 (5th Cir. 2016).
- Counsel failed to challenge the validity of the search warrant.
  - o Smith provides no argument, evidence, or authority to explain why the search warrant would have been invalid.

- Counsel failed to properly explain his plea agreement and the consequences of pleading guilty.
    - o Smith expressly concedes in his brief he "certainly does not suggest that this particular error was enough in itself to justify the writ [of habeas corpus]." In any event, Smith fails to provide any independent indicia of merit to overcome his sworn testimony that he had reviewed the plea agreement with his attorney and understood it.
- Counsel failed to move to suppress Smith's statements given during the search.
    - o Smith never alleges that the police failed to inform him of his *Miranda* rights. He provides no argument, evidence, or authority to explain why his statements should have been suppressed.
- Counsel failed to bargain for a better plea agreement.
    - o Smith provides no argument, evidence, or authority to support this claim of ineffective assistance.
- Counsel acceded to Smith's demand to speak with prosecutors.
    - o Smith provides no argument, evidence, or authority to support this claim of ineffective assistance.

\* \* \*

Having concluded that jurists of reason would not find the merits of Smith's constitutional claims debatable, we need not address the district court's procedural error. *See Slack*, 529 U.S. at 484. We therefore VACATE the certificate of appealability and DISMISS this appeal.