# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 13, 2022

Lyle W. Cayce
Clerk

No. 19-30737

Delis Pierre,

*Petitioner—Appellant*,

*versus*

Timothy Hooper, *Warden*, *Elayn Hunt Correctional Center*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-5252

Before Smith, Duncan, and Oldham, *Circuit Judges*.

Per Curiam: *

Delis Pierre, Louisiana prisoner #498929, filed a petition in the district court under 28 U.S.C. § 2254 challenging his state convictions for armed robbery, kidnapping, and purse snatching on various constitutional grounds. The district court dismissed the petition as time-barred and denied Pierre a certificate of appealability (COA). Pierre then asked our court to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

grant him a COA on both the district court's procedural ruling as well as the substantive claims in his § 2254 petition. *See* 28 U.S.C. § 2253(c)(1)(A). A judge of our court granted a COA, but only "in part as to the district court's procedural dismissal of the petition as time barred." A COA was not granted on any substantive constitutional claim. Instead, the COA stated only that "Pierre's petition reflects facially valid constitutional claims," and that "the available pleadings and record do not clearly show that a COA is not warranted."

The COA fails to meet the statutory requirements for issuance. A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Moreover, the COA "shall indicate which specific issue or issues satisfy the showing required by paragraph (2)." *Id.* § 2253(c)(3). Pierre's COA fails these standards. While it "identifie[s] a debatable procedural ruling" (the timeliness issue), the COA "d[oes] not 'indicate' the issue on which [Pierre] had made a substantial showing of the denial of a constitutional right, as required by § 2253(c)(3)." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). On that ground alone, Pierre's COA is "defect[ive]." *Ibid.*

Nothing in *Slack v. McDaniel*, 529 U.S. 473 (2000), rescues Pierre's COA. *Slack* explained that, when a habeas petition is denied on procedural grounds alone, § 2253 allows issuance of a COA only

> when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.* at 484. The Court emphasized that "Section 2253 mandates that *both* showings be made before the court of appeals may entertain the appeal." *Id.* at 485 (emphasis added). The COA at issue here, however, does not find that

Pierre made both showings. As discussed, a COA was expressly granted only as to timeliness—a procedural issue—and not as to any constitutional issue. And even assuming *arguendo* that the COA also meant to indicate some constitutional issue, it did not find that "jurists of reason" would find "debatable" any of the constitutional issues raised by Pierre. *See id.* at 484. The COA merely stated in passing, without further elaboration, that "Pierre's petition reflects facially valid constitutional claims." *Slack* requires more than that. More importantly, so did Congress in § 2253. A "facially valid constitutional claim," whatever that means, is not "a substantial showing of the denial of a constitutional right," which is the standard § 2253 erects for granting a COA. 28 U.S.C. § 2253(c)(2). The COA in this case does not even purport to make such a finding on the constitutional issues raised in Pierre's § 2254 petition.

In sum, Pierre's "procedural-only" COA is barred by § 2253. *United States v. Castro*, 30 F.4th 240, 245 (5th Cir. 2022); *see also id.* at 244 ( "The Supreme Court unanimously agreed that such a COA is invalid because it says nothing at all about the Constitution." (citing *Gonzalez*, 565 U.S. at 141; *id.* at 155 (Scalia, J., dissenting))). Our court recently "forsw[ore] procedural-only COAs" and recognized that we can raise that defect *sua sponte* and vacate the COA. *Id.* at 245, 246. We do so here.

To be sure, we can also issue a valid COA in place of the invalid one. *See id.* at 247 (citing *United States v. Smith*, 945 F.3d 860, 863 (5th Cir. 2019)). Not here, though. Having examined the constitutional claims in Pierre's § 2254 petition, we cannot say he has made a substantial showing as to any of them. 28 U.S.C. § 2253(c)(2); *see also generally State v. Pierre*, No. 202-KA-0125 (La. App. 1 Cir. 9/21/12); 111 So. 3d 64 (affirming Pierre's convictions and sentences), *writ denied*, No. 2012-KO-2227 (La. 4/1/13); 110 So. 3d 139 (Mem.). We therefore decline to issue an amended COA.

No. 19-30737

COA VACATED; APPEAL DISMISSED.