Ezra DAVIS, Jr., Petitioner-Appellant,

v.

Robert H. BUTLER, Sr., Warden, Louisiana State Penitentiary, Respondent-Appellee.

No. 86–4661
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 27, 1987.

Ezra Davis, Jr., pro se.

John F. Johnson, Dist. Atty., Vidalia, La.

William J. Guste, Jr., Atty. Gen., Baton Rouge, La., for respondent-appellee.

Before POLITZ, WILLIAMS and JONES, Circuit Judges:

EDITH H. JONES, Circuit Judge:

Ezra Davis, a state prisoner sentenced to life imprisonment after pleading guilty to charges of second degree murder, appeals the denial of his federal habeas corpus petition, 28 U.S.C. § 2254. On the third day of his trial, Davis changed his plea to guilty and was sentenced to life imprisonment with no possibility of parole, probation or suspension of sentence for forty years. He unsuccessfully sought postconviction relief in the Louisiana state courts, and was subsequently denied relief in federal district court. In his federal habeas petition, Davis raised three issues: (1) his guilty plea was involuntary because it was entered without an understanding of the charge and without adequate notice of its nature; (2) the plea of guilty was involuntary in that it was motivated by his belief that he would be pardoned after serving a term of three years; and (3) his counsel was ineffective because he failed to give him any advice regarding his plea of guilty, and because he gave him inadequate information about the nature of the charge to which he was pleading guilty and about the consequences of his plea. The district court denied relief and dismissed the petition, concluding that the transcript of the guilty plea proceeding refuted Davis's contentions that he had not understood the nature of the charges or the consequences of his plea. The court also found that the sentencing judge's explanations rendered any inadequacies in Davis's attorney's explanation of the charges and sentence harmless. We affirm in part, reverse in part, and remand.

Davis alleges that his guilty plea was not knowing and voluntary because his attorney failed to advise him of the elements and nature of the crime of second degree murder and because the court did not explain the charges during the plea proceeding. We disagree. "[A] guilty plea cannot be voluntary unless the defendant has 'real notice of the true nature of the charge against him.'" *Bonvillain v. Blackburn*, 780 F.2d 1248, 1250 (5th Cir.), cert. denied, — U.S. —, 106 S.Ct. 2253, 90 L.Ed.2d 699 (1986) (quoting *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 2257, 49 L.Ed.2d 108 (1976)). However, "a guilty plea [will] be upheld as voluntary even if the trial judge failed to explain the offense if the record show[s] that the defendant understood the charge and its consequences." *Bonvillain*, 780 F.2d at 1250.

The colloquy between Davis and the court concerning his guilty plea, which we have reviewed, indicates that Davis was carefully and fully apprised of the elements of second degree murder. The court did not read the charge and state the specific elements of the crime. Rather, the court explained why Davis's admissions made him guilty of second degree murder, clarified with Davis that he did not intend to kill the victim, and emphasized that he would become eligible for parole in 40 years. The court repeatedly asked if Davis understood his remarks, and Davis answered affirmatively. Davis also said his attorney explained the charge to him. Davis has not

suggested, either in the district court or in his brief before this court, any misunderstanding of any particular aspect of the second degree murder charge. The knowing and voluntary nature of Davis's plea therefore cannot be assailed on the ground that he did not understand the charges against him.

Second, Davis asserts that he pleaded guilty because his attorney told him that he would be pardoned in three years. If Davis's attorney did promise a pardon within three years, it could have rendered Davis's guilty plea unknowing and involuntary. "When a defendant pleads guilty on the basis of a promise by his defense attorney or the prosecutor, whether or not such promise is fulfillable, breach of that promise taints the voluntariness of his plea." *McKenzie v. Wainwright*, 632 F.2d 649, 651 (5th Cir.1980). See also *McNeil v. Blackburn*, 802 F.2d 830, 832 (5th Cir.1986) (per curiam); *Smith v. Blackburn*, 785 F.2d 545, 548 (5th Cir.1986).

The district court rejected Davis's claims concerning the pardon, concluding that the trial judge fully informed him of the sentence he would receive, that Davis had stated he understood the sentence, that he responded negatively when asked if any promises had influenced his decision to plead guilty, and that any failure by his counsel to explain the charges against him or the consequences of pleading guilty was rendered harmless by the trial court's explanations. We disagree with this aspect of the district court's decision.

The question here is not whether Davis understood the terms of his sentence, but whether he was promised by his attorney, and actually believed he would eventually be pardoned from this sentence. No mention of a pardon was made during the sentencing proceeding. The only evidence in the record which undercuts Davis's claim is his acknowledgement that he had not been made "any promises at all." This acknowledgement, although a "formidable barrier," does not conclusively bar him from proving the existence of a promise. See *Black-*

*ledge v. Allison,* 431 U.S. 63, 74–75, 97 S.Ct. 1621, 1629–30, 52 L.Ed.2d 136 (1977). For him to now contradict such a statement "there must be independent indicia of the likely merit of the petitioner's contentions, and mere contradiction of his statements at the guilty plea hearing will not carry his burden." *United States v. Raetzsch,* 781 F.2d 1149, 1151 (5th Cir.1986). Cf. *United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir.1985) (to be entitled to evidentiary hearing on claim that sworn statements during the plea proceeding were false, petitioner must make "specific factual allegations supported by the affidavit of a reliable third person"). A petitioner is not entitled to an evidentiary hearing when his allegations of an unkept promise are inconsistent with the bulk of his conduct, and when he offers no detailed and specific facts surrounding the agreement. *Raetzsch,* 781 F.2d at 1152. "In situations where an *actual promise* has been made to a petitioner, rather than there being merely an 'understanding' on his part, federal habeas relief is awardable if the petitioner 'prove[s] (1) exactly what the terms of the alleged promise were; (2) exactly when, where, and by whom such a promise was made; and (3) the precise identity of an eyewitness to the promise.'" *Smith v. McCotter,* 786 F.2d 697, 701 (5th Cir.1986) (quoting *Self v. Blackburn,* 751 F.2d 789, 793 (5th Cir.1985) (emphasis in original)).

Davis's allegations are specific enough to require a hearing under *Raetzsch* and *Smith v. McCotter.* Davis asserts that "on the third [day] of trial a recess was taken at which time a conference was held. During the conference [Davis's] attorney, H. James Lossin, Sr., promised him, in the presence of Miss Glenda Faye Bingham and Ms. Joe Helen Lee, that if he plead [sic] guilty he (Mr. Lossin) would get him pardoned in three years. [Davis] accepted the bargain and plead [sic] guilty minutes later." Moreover, the abbreviated record of a state court post conviction proceeding contains an inconclusive colloquy between Davis's counsel and the court on the alleged promise of a pardon in which his

counsel talked around the issue without stating whether or not he made such a representation. Davis's claim that his guilty plea was based on his attorney's assurance that he would be pardoned in three years should therefore be remanded for an evidentiary hearing.[1]

Finally, Davis raises several other conclusory ineffective assistance of counsel claims, essentially complaining about his attorney's lack of investigation and pretrial preparation. Broadly construing his allegations, he seems to assert that his guilty plea was not an informed choice because his attorney was not adequately familiar with the facts and law of his case. This is not the ineffectiveness claim that was raised before the district court which related only to his attorney's supposed failure to inform him of the nature of the charge against him, of the nature of a guilty plea to that charge, and of the consequences of such a plea. Given his lack of concrete allegations which would require an evidentiary hearing, we decline to consider this claim. See *Petty v. McCotter*, 779 F.2d 299, 301 (5th Cir.1986); *Hobbs v. Blackburn*, 752 F.2d 1079, 1083 (5th Cir.1985).

For the foregoing reasons, the dismissal is AFFIRMED in part, REVERSED in part, and REMANDED to the district court for further proceedings.

---

1. Davis also asserts ineffectiveness of counsel based on his Counsel's assurance he would be pardoned in three years. This particular ineffectiveness claim, however, was not presented to the district court, and we need not consider it on appeal. *Hobbs v. Blackburn*, 752 F.2d 1079, 1083 (5th Cir.) cert. denied 474 U.S. 838, 106 S.Ct. 117, 88 L.Ed.2d 95 (1985); *United States v. Scott*, 672 F.2d 454 (5th Cir.1982). But cf. *Petty v. McCotter*, 779 F.2d 299, 301–02 (5th Cir.1986) (remanding issues not raised before district court and suggesting amendment of standard forms to require pro se petitioners to describe prejudice allegedly suffered).