United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 9, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30877
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DARREKA BOYKINS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 03-CV-1501
USDC No. 01-CR-310-ALL
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Darreka Boykins seeks a certificate of appealability ("COA")
to appeal the denial of relief on his 28 U.S.C. § 2255 motion chal-
lenging his guilty-plea conviction of distribution of crack
cocaine.  To obtain a COA, Boykins must demonstrate that "reason-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited circum-
stances set forth in 5TH CIR. R. 47.5.4.

able jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 338 (2003).

Boykins asserts that his trial counsel, Craig Stewart, rendered ineffective assistance by not adequately explaining to him the meaning of the waiver provision. He has not established that reasonable jurists would debate the denial of relief on that ground. See United States v. Melancon, 972 F.2d 566, 568 (5th Cir. 1992).

Boykins contends that Stewart promised him a sentence of two years if he pleaded guilty and a sentence of no more than five years if he proceeded to trial. COA is GRANTED as to the following questions: whether Stewart in fact made such statements and, if so, whether such statements were in the nature of a promise, which would affect the validity of the plea, as opposed to misleading advice. See United States v. White, 307 F.3d 336, 343 (5th Cir. 2002); United States v. Gracia, 983 F.2d 625, 629 (5th Cir. 1993); Davis v. Butler, 825 F.2d 892, 894 (5th Cir. 1987). The case is REMANDED so the district court can consider these questions and hold an evidentiary hearing if necessary.

Boykins also asserts that Stewart failed to file a notice of appeal on his behalf despite promising to do so. COA is GRANTED on the question whether Stewart made such a promise and/or whether Boykins requested an appeal. See Roe v. Flores-Ortega, 528 U.S.

470, 477-78, 485-86 (2000). This issue is also REMANDED for consideration by the district court.

Boykins contends that Stewart failed to investigate the type of drugs that Boykins had in fact distributed, which resulted in a higher sentence. In light of the prior recommendations to grant COA and remand for further consideration, we DEFER ruling on this issue. Boykins is advised that if the district court denies relief on the aforementioned claims, he should address this claim in a future COA request.

COA GRANTED; VACATED AND REMANDED.