# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11004

United States Court of Appeals
Fifth Circuit

**FILED**

October 14, 2016

Lyle W. Cayce
Clerk

CHARLES HENSLEY MITCHELL, II,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-4754

Before OWEN, ELROD, and COSTA, Circuit Judges.

PER CURIAM:[*]

Charles Hensley Mitchell, II, Texas prisoner # 1851936, moves for a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition, which challenged his conviction of aggravated assault with a deadly weapon. He also seeks a COA to appeal the district court's postjudgment denials of his motion for an evidentiary hearing and his motion to alter or amend the judgment under Federal Rules of Civil

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11004

Procedure 59(e).  The district court denied a COA when it denied Mitchell's § 2254 petition, but it did not address the need for a COA in connection with the postjudgment rulings.

To obtain a COA, a § 2254 petitioner must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  This means that for Mitchell's claims of prosecutorial misconduct and ineffective assistance of appellate counsel, which the district court denied on the merits, Mitchell must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  He fails to make such a showing.  Mitchell also challenges the district court's finding that he procedurally defaulted his claim that the state trial court's refusal to give the jury an instruction on self-defense violated due process, but he fails to show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*  Also, Mitchell fails to show that reasonable jurists could debate whether, or agree that, his challenge to the denial of his motion for partial summary judgment is "adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 336 (internal quotation marks and citation omitted).  Mitchell fails to brief, and thus waived, his claims of ineffective assistance of trial counsel.  *Hughes v. Johnson*, 191 F.3d 607, 612-13 (5th Cir. 1999).  With respect to these claims, we DENY a COA.

A COA is required to appeal the denial of a Rule 59(e) motion in a habeas case.  *Ochoa Canales v. Quarterman*, 507 F.3d 884, 887-88 (5th Cir. 2007).  Because of the lack of a COA ruling by the district court on this issue and on the postjudgment denial of an evidentiary hearing, we may assume without deciding that we lack jurisdiction over these issues.  *See* Rule 11(a), RULES

No. 15-11004

GOVERNING § 2254 CASES.  However, we will decline to remand in order for the district court to make the COA determination in the first instance if remand would be futile and a waste of judicial resources.  *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000).

Mitchell mailed his motion for an evidentiary hearing before the district court denied his § 2254 petition.  Even if this motion was not an unauthorized successive, *cf. Gonzalez v. Crosby*, 545 U.S. 524, 532 & n.4 (2005), Mitchell fails to show that his challenge to the denial of the motion is adequate to deserve encouragement to proceed further, *Miller-El*, 537 U.S. at 336.  To the extent that Mitchell's Rule 59(e) motion to alter or amend the judgment sought to undo the district court's denial of habeas relief on the merits, it was an unauthorized successive petition that the district court lacked jurisdiction to entertain.  *See Gonzalez v. Crosby*, 545 U.S. 524, 532 & n.4 (2005); *Williams v. Thaler*, 602 F.3d 291, 312 (5th Cir. 2010); *Crone v. Cockrell*, 324 F.3d 833, 836-38 (5th Cir. 2003).  To the extent that the Rule 59(e) motion challenged the denial of Mitchell's due process claim as procedurally defaulted, it was not a successive § 2254 petition, but Mitchell needs a COA to proceed on appeal.  *See* § 2253(c)(1)(B); *see also Gonzalez*, 545 U.S. at 532 & n.4; *Cardenas v. Thaler*, 651 F.3d 442, 443 (5th Cir. 2011).  Because we discern no legal points arguable on their merits regarding this aspect of the Rule 59(e) ruling, the attempt to appeal that issue is frivolous, *see Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), and reasonable jurists could not debate whether it is adequate to deserve encouragement to proceed further, *see Miller-El*, 537 U.S. at 336.  With respect to these postjudgment rulings, we DISMISS this matter for lack of jurisdiction as remand would be futile.  *See Alvarez*, 210 F.3d at 310.

3

No. 15-11004

We deny Mitchell's request for appointment of counsel. *See Schwander v. Blackburn*, 750 F.2d 494, 502 (5th Cir. 1985).

COA DENIED IN PART AND DISMISSED IN PART.