# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 16-20508

———————

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

ANDRE MCDANIELS,

Defendant−Appellant.

———————————

Appeal from the United States District Court
for the Southern District of Texas

———————————

Before HIGGINBOTHAM, SMITH, and GRAVES, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

Andre McDaniels filed a motion under 28 U.S.C. § 2255, alleging that the prosecution breached its plea agreement and that his attorney provided ineffective assistance of counsel ("IAC"). Upon the dismissal of his motion, McDaniels filed a Federal Rule of Civil Procedure 59(e) motion to alter the judgment, which the district court dismissed without an evidentiary hearing. Because the Rule 59 motion constitutes a successive § 2255 application under

No. 16-20508

*Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005), this court is without jurisdiction to review McDaniel's claims.  Moreover, the district court did not abuse its discretion in denying McDaniels an evidentiary hearing because he has not provided independent indicia of the merit of his allegations.  We therefore affirm in part and dismiss the appeal in part for want of jurisdiction.

I.

In 2011, McDaniels was indicted for participating in a sex-trafficking scheme to force women and children into prostitution.  While the charges were pending, McDaniels was separately indicted for tampering by corrupt persuasion with witnesses who were scheduled to testify in the sex-trafficking case.  Recognizing the gravity of the charges, McDaniels agreed to plead guilty of sex trafficking in exchange for a 96-month sentence.  The written agreement made no mention of the potential impact of his guilty plea in the witness-tampering case.  Furthermore, it expressly stated that the prosecution made no promises or representations other than those contained therein and that any modification to the agreement must be made in a writing signed by both sides.

In 2012, McDaniels pleaded guilty, without a plea agreement, to nine counts of witness tampering.  The presentence report ("PSR") assigned a total offense level of 27 and a criminal history category of III, resulting in an advisory guideline range of 87 to 108 months.  At sentencing, the government stated that it did not want to add criminal history points for the sex-trafficking offenses, lest McDaniels be placed in a worse position for having pleaded guilty.  Accordingly, the district court reduced McDaniel's criminal history to Category II and sentenced him to 78 months, the lowest point on the guideline range, to run consecutively to the undischarged portion of the sentence in the sex-trafficking case.

McDaniels unsuccessfully appealed the substantive reasonableness of

2

## No. 16-20508

the sentence. *United States v. McDaniels*, 570 F. App'x 371 (5th Cir. 2014) (per curiam). He next filed a motion to vacate under § 2255, seeking relief on two interrelated grounds. First, he claimed that the prosecution had orally modified the written plea agreement, promising that his guilty plea would not impact the statutory range of punishment in the present case. He insisted that the government had breached that commitment by encouraging the trial judge to consider his sex-trafficking conviction when calculating his base offense level and to impose a consecutive, rather than concurrent, sentence.[1] Second, McDaniels asserted that his attorney had rendered IAC in failing to object to that breach at trial.

The district court denied the motion. McDaniels then filed a Rule 59 motion to alter the judgment, arguing that the court had erred in dismissing his claims and refusing to grant an evidentiary hearing. That motion also was denied. McDaniels moved for a certificate of appealability, which this court granted on (1) whether the government promised that McDaniels' guilty plea would not affect his statutory or guideline ranges; (2) whether, if such a promise was made, the government breached it; (3) whether his trial attorney proffered IAC by failing to object to any such breach; and (4) whether the court erred by dismissing the foregoing claims without an evidentiary hearing. The government has since challenged this court's jurisdiction to hear this appeal.

## II.

Our jurisdiction depends on two inquiries. We must first assess whether

---

[1] Section 2J1.2(a) of the guidelines prescribes a base offense level of 14 for witness tampering. U.S. SENTENCING GUIDELINES MANUAL § 2J1.2(A) (U.S. SENTENCING COMM'N 2012). The PSR nonetheless recommended that, under § 2X3, McDaniels receive a base offense level of 30 because he had obstructed the investigation or prosecution of a criminal offense. McDaniels maintained that the use of § 2X3.1 to enhance his sentencing range violated the government's oral promise.

No. 16-20508

McDaniels's Rule 59 motion was a second or successive habeas petition. Additionally, we must determine whether McDaniels filed a timely notice of appeal. We conclude that we have jurisdiction to consider only his request for an evidentiary hearing.

A.

Under Rule 59(e), a party may move to alter or amend a judgment no later than twenty-eight days after entry of judgment. FED. R. CIV. P. 59(e). Nevertheless, a defendant is "generally permitted only one motion under § 2255 and may not file successive motions without first obtaining this Court's authorization." *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013); 28 U.S.C. § 2255(h). Absent such authorization, a district court lacks jurisdiction to hear the § 2255 motion. *Id.* Consequently, we must decide whether McDaniels's motion for reconsideration was a bona fide Rule 59 motion or a successive habeas application.

In *Gonzalez*, 545 U.S. at 532, the Court held that a Rule 60 motion that "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim *on the merits*" is a successive 28 U.S.C. § 2254 petition. Conversely, a motion that merely targets a procedural defect in the integrity of the federal habeas proceedings is a bona fide Rule 60 motion over which a district court has jurisdiction. *Id.* We have applied *Gonzalez* to Rule 59 motions[2] and to motions under § 2255.[3]

---

[2] *See Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010); *United States v. Patton*, No. 17-10942, 2018 U.S. App. LEXIS 25566, at *6−7 (5th Cir. Sept. 10, 2018) (per curiam) (unpublished).

[3] *See Hernandes*, 708 F.3d at 681–82; *United States v. Brown*, 547 F. App'x 637, 641 (5th Cir. 2013) (considering whether a motion for reconsideration was a Rule 59(e) motion or an unauthorized § 2255 motion); *Patton*, 2018 U.S. App. LEXIS 25566, at *6−7. When a Rule 59 motion is found to be an unauthorized successive habeas petition, it does not toll the deadline to appeal an original judgment. *See Uranga v. Davis*, 893 F.3d 282, 283–84 (5th Cir.

No. 16-20508

In his § 2255 motion, McDaniels claimed that the government had breached its plea agreement and that his attorney rendered IAC in violation of the Fifth and Sixth Amendments, respectively. After the district court dismissed the motion, McDaniels submitted a Rule 59(e) motion to alter the judgment, repeating those same allegations. McDaniels further maintained that the court had erred in dismissing the motion without an evidentiary hearing.

The district court was without jurisdiction to hear McDaniels's substantive claims under the Fifth and Sixth Amendments. Because they attack the district court's previous ruling *on the merits*, they constitute a successive habeas application.[4] Hence, we dismiss the appeal as to those issues.

McDaniels's request for an evidentiary hearing, however, is a bona fide Rule 59(e) motion because it merely challenges a procedural defect in the integrity of the § 2255 proceeding. Indeed, McDaniels attacks not the ruling on his substantive claims, but the manner by which the court reached that decision. As a result, his request for an evidentiary hearing is a genuine Rule 59(e) motion, not a successive habeas petition in disguise. *See Brown*, 547 F. App'x at 642.

## B.

In a civil action, a timely notice of appeal is a jurisdictional requirement. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Because a § 2255 motion is a civil

---

2018); *accord Patton*, 2018 WL 4328623, at *4. Although McDaniels does not appeal from the original judgment, we pause to caution habeas petitioners, many of whom are without counsel, of the risk that if a Rule 59 motion is found to be a successive writ application and they do not file a notice of appeal from an initial judgment, they can lose their right to appeal both from the initial judgment and from the denial of reconsideration.

[4] *See Hernandes*, 708 F.3d at 681–82 (finding that defendant's Rule 60(b) motion was, in reality, a second habeas petition because it "resurrected . . . substantive argument[s]" from his original § 2255 motion); *Mitchell v. Davis*, 669 F. App'x 284, 285 (5th Cir. 2016) (per curiam).

5

No. 16-20508

action, we must ask whether McDaniels filed a timely notice of appeal. *United States v. de los Reyes*, 842 F.2d 755, 757 (5th Cir. 1988). A notice of appeal in a civil case in which the United States is a party must be filed within sixty days of judgment. FED. R. APP. P. 4(a)(1)(B)(i). Nonetheless, a timely Rule 59 motion suspends that sixty-day period.[5]

McDaniels' Rule 59 motion was properly filed within twenty-eight days of the denial of his § 2255 motion. *See* FED. R. CIV. P. 59(e). Consequently, the sixty-day window to appeal did not begin to run until July 15, 2016, when the district court dismissed the Rule 59 motion. Because McDaniels filed his notice of appeal one week later, it was timely. This court therefore has jurisdiction to hear McDaniels's claim that the district court erred in denying an evidentiary hearing.

III.

A § 2225 movant is entitled to a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" on his underlying claims. § 2255(b). We review the denial of an evidentiary hearing for abuse of discretion. *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008). There is none.

To warrant reversal, a petitioner must present "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). But if the showing consists of "mere conclusory allegations," *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006), or is otherwise "inconsistent with the bulk of [his] conduct," *Cervantes*, 132 F.3d

---

[5] FED. R. APP. P. 4(a)(4)(A)(iv) ("[T]he time to file an appeal runs . . . from the entry of the order disposing of the last such remaining motion" filed under Rule 59).

at 1110, an evidentiary hearing is unnecessary. McDaniels insists that the government breached its promise that his guilty plea in the sex-trafficking case would not affect the sentencing range in the present witness-tampering case. He further contends that his attorney provided IAC in failing to raise that objection at trial.

Where a defendant pleads guilty based on a promise by the prosecutor, "breach of that promise taints the voluntariness of his plea" and offends the Fifth Amendment.[6] But McDaniels has offered no independent indicia of any breach or consequent IAC.

Indeed, the written plea agreement contained no language regarding the impact it might have in the present case. Moreover, it explicitly stated that the government made no other promises or representations and that any modification to the plea must be made in a writing signed by both sides. During rearraignment in the sex-trafficking case, McDaniels reaffirmed that he had received no promises outside the plea agreement. Similarly, at rearraignment in the instant case, McDaniels admitted that the government had made no promises affecting sentencing. He acknowledged that the government could ask the court to impose the longest possible sentence available for witness tampering. And he confirmed his understanding that he faced a maximum sentence of life in prison and that he could not withdraw his guilty plea if the sentence was greater than expected.

Notwithstanding his representations in court, McDaniels now contends that the government induced his guilty plea by assuring him that it would have no impact on sentencing in this case. We generally will not allow a defendant

---

[6] *Davis v. Butler*, 825 F.2d 892, 894 (5th Cir. 1987) (quoting *McKenzie v. Wainwright,* 632 F.2d 649, 651 (5th Cir. Unit B 1980)).

to contradict his testimony given under oath at a plea hearing.[7] Furthermore, official documents—such as a written plea agreement—are "entitled to a presumption of regularity and are accorded great evidentiary weight." *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Nevertheless, a defendant may seek collateral relief based on an alleged promise, though inconsistent with his statements in open court, by proving "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *Cervantes*, 132 F.3d at 1110.

McDaniels' attorney stated twice on the record that his client was pleading guilty based on his advice that the plea would not influence sentencing in the witness-tampering case. Sherri Zack, the prosecutor in the sex-trafficking case, "agree[d]" with this advice that the guilty plea "d[id] not affect" sentencing. McDaniels claims that those statements constitute an oral modification to the written plea agreement.

That argument is unavailing. The district court explicitly warned McDaniels during rearraignment that any such prosecutorial commitment must be in writing. The court further instructed Zack to have the prosecutor, John Jocher, provide that guarantee to McDaniels "immediately, in writing, with no equivocations." Finally, the court stressed that McDaniels could not rely on the rearraignment discussion because it was "not intend[ed] . . . to be in any way a suggestion of what" the district court in the witness-tampering case might decide.

McDaniels has presented no independent indicia of any effort to secure

---

[7] *Cervantes*, 132 F.3d at 1110; *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977) ("Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings.").

No. 16-20508

a binding promise. Despite the district court's warning, McDaniels pleaded guilty of witness tampering without first obtaining a plea agreement from Jocher.[8] He neither objected to the government's alleged breach at trial nor raised that issue on direct appeal.[9] He may not now seek the benefit of a bargain he did not make. Because McDaniels has offered no independent indicia of the likely merit of his allegations, we need not grant an evidentiary hearing on his § 2255 motion.

The order denying the Rule 59 motion is AFFIRMED. The appeal of the Fifth and Sixth Amendment claims is DISMISSED for want of jurisdiction.

---

[8] Jocher acknowledged that the government did not want McDaniels to be placed in a worse position for having pleaded guilty of sex trafficking. At sentencing, the government consequently requested that the court reduce McDaniels' criminal history category to II. But McDaniels cites no evidence that Jocher promised that the guilty plea would not have *any* effect on sentencing.

[9] *See McKenzie*, 632 F.2d at 652 (finding defendant's allegations inconsistent with the bulk of his conduct because he "waited three years, and during that time, pressed an intervening appeal on other grounds").

No. 16-20508

JAMES E. GRAVES, JR., Circuit Judge, concurring in part, and dissenting in part:

I agree with the majority that this court has jurisdiction to consider only McDaniels' claim that the district court erred in rejecting his § 2255 motion without an evidentiary hearing. But I disagree with the majority's conclusion that McDaniels has not produced independent indicia of a promise made by the Government. Although the majority cites *Davis v. Butler*, 825 F.2d 892 (5th Cir. 1987), it reaches a conclusion which is contrary to the analysis and conclusion in *Davis*. Therefore, I respectfully dissent.

## I.

In *Davis*, a state prisoner charged with second degree murder was sentenced to life imprisonment after changing his plea to guilty on the third day of his trial. The defendant unsuccessfully sought postconviction relief in Louisiana state courts, and later, a district court denied his federal habeas corpus petition. The defendant argued, in part, that his plea of guilty was involuntary because his attorney informed him that he would be pardoned in three years. *Id.* at 893–94. The district court concluded that the transcript of the guilty plea hearing indicated the defendant understood the nature of the charges and the consequences of his guilty plea, and determined that the sentencing judge's explanations rendered any error in his attorney's explanation of the charges and sentence harmless. *Id.* at 893.

The *Davis* court remanded the defendant's claim because the district court denied and dismissed the claim without an evidentiary hearing. *Id.* at 895. The court stated, "[i]n situations where an *actual promise* has been made to a petitioner, rather than there being merely an 'understanding' on his part, federal habeas relief is awardable if the petitioner 'prove[s] (1) exactly what the terms of the alleged promise were; (2) exactly when, where, and by whom such a promise was made; and (3) the precise identity of an eyewitness to the

promise.'" *Id.* at 894 (quoting *Smith v. McCotter*, 786 F.2d 697, 701 (5th Cir. 1986) (emphasis in original)). The court concluded the defendant's allegations were specific enough to require an evidentiary hearing because the defendant asserted that "on the third [day] of trial a recess was taken at which time a conference was held. During the conference [the defendant's] attorney . . . promised him, in the presence of [two people], that if he plead [sic] guilty" his attorney would get him pardoned in three years, and the defendant accepted the bargain and pleaded guilty shortly thereafter. *Davis*, 825 F.2d at 894.

## II.

Similarly, McDaniels' *pro se* brief indicates that his allegations are specific enough to warrant an evidentiary hearing. McDaniels contends: (1) federal prosecutor John Jocher ("Jocher") promised McDaniels' attorney, in the week prior to rearraignment in the sex-trafficking case, that (2) McDaniels' guilty plea in the sex-trafficking case would not affect his statutory range of punishment or guidelines range in the present case; and (3) federal prosecutor Sherri Zack ("Zack") confirmed this promise, both at rearraignment and sentencing in the sex-trafficking case. McDaniels has presented his prior statements and those of his attorney, the concurrence of federal prosecutor Zack, and the directive given by the district court judge, during the rearraignment and sentencing in the sex-trafficking case, that indicate "independent indicia" sufficient to overcome the barrier facing McDaniels. Jocher's reference to plea discussions in the present case is additional "independent indicia." Further, the district court acknowledged promises that each side made regarding McDaniels' plea and sentence.

The majority is correct that McDaniels has not provided evidence of any written modification to the plea agreement, and the record does indicate that McDaniels understood the potential terms of his sentence. However, neither the existence of a written modified plea agreement nor whether McDaniels

understood the terms of his sentence are dispositive as to whether the Government made a binding oral promise in the present case. *See Davis*, 825 F.2d at 894 ("The question here is not whether [he] understood the terms of his sentence, but whether he was promised . . . and actually believed [the promise]."). The majority is also correct in stating that McDaniels' prior acknowledgments that the Government had made no promises to him that would affect his sentencing create a "formidable barrier" for him to overcome. *Id.* But the prior acknowledgments are not conclusive as to whether a promise was in fact made. *Id.* (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)) ("This acknowledgement, although a 'formidable barrier,' does not conclusively bar him from proving the existence of a promise."). McDaniels sufficiently contradicted statements he made at the plea hearing by providing "independent indicia" of the merits of his allegations. *Davis*, 825 F.2d at 894 (quoting *United States v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir. 1986)). *Cf. United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985) (to be entitled to evidentiary hearing on claim that sworn statements during the plea proceeding were false, petitioner must make "specific factual allegations supported by the affidavit of a reliable third person").

The majority is correct that McDaniels has not provided evidence that he attempted to secure a binding promise from Jocher, and that McDaniels pleaded guilty without obtaining a plea agreement from Jocher. However, neither of those truths provide answers to the issue in question. Based on the lack of clarity regarding McDaniels' communications with Jocher, along with Jocher's ambiguous concession that the Government did not want to put McDaniels in a worse position for having pleaded guilty, the results of the present inquiry are inconclusive. McDaniels' claim that the Government broke its promise to him, a promise upon which he relied in pleading guilty to a serious criminal offense, should be remanded for an evidentiary hearing.

No. 16-20508

In addition, because the merits of McDaniels' ineffective assistance of counsel claim against his attorney rest upon the resolution of his claim that the Government breached its promise to McDaniels, both claims should be remanded to the district court, and decided after an evidentiary hearing is held.

Because the majority reaches the opposite conclusion, I respectfully dissent.