# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11594

United States Court of Appeals
Fifth Circuit

**FILED**

March 23, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DONALD JOSEPH WEST,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:16-CV-76

Before DENNIS, WILLETT, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Donald Joseph West was convicted of aggravated bank robbery, using and carrying a firearm during and in relation to a crime of violence, and being a felon in possession of a firearm. He was sentenced to 420 months of imprisonment. West seeks a certificate of appealability (COA) regarding the denial of a successive 28 U.S.C. § 2255 petition. We will deny the COA and impose sanctions against West.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11594

We lack jurisdiction over an untimely appeal from the denial of a § 2255 petition. *United States v. Olson*, 789 F. App'x 490, 491 (5th Cir. 2020) (citing inter alia *United States v. McDaniels*, 907 F.3d 366, 369 (5th Cir. 2018)). Here, the district court denied West's § 2255 petition on August 29, 2018. West's notice of appeal was signed on November 29, 2018, well outside the 60-day period for appealing the denial. *See* 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B)(i). West had previously filed a motion to amend or correct the district court's order, but because that motion was signed on October 2, 2018, it did not extend the time to file a notice of appeal. *See* Fed. R. App. P. 4(a)(4)(A); Fed. R. Civ. P. 59(e) (such a motion must be filed within twenty-eight days of judgment). We therefore lack jurisdiction over the district court's denial of West's § 2255 petition, such that a COA to appeal that denial is inappropriate.

West appears also to appeal the district court's denial of an evidentiary hearing to support his claims, which was entered on November 19, 2018. Although an appeal from the denial of an evidentiary hearing does not require a COA, *see Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016), here, the district court lacked jurisdiction to entertain West's request because it was redundant to previous requests. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Indeed, we have twice noted that West's identical, previous requests were redundant. We will therefore dismiss West's appeal of the denial of an evidentiary hearing.

The COA is therefore DENIED. The appeal from the district court's denial of an evidentiary hearing is DISMISSED. West's motion to proceed IFP is DENIED as unnecessary. All other accompanying motions are DENIED.

Almost a year ago, we warned West that he would be sanctioned for "any further attempts to challenge [his] conviction and sentence that do not meet the criteria for filing a successive § 2255 motion." *In re: Donald Joseph West*,

No. 18-11594

No. 19-10029 (5th Cir. Mar. 19, 2019). We ordered West to "review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive." *Id.* Two months later, after West failed to adhere to our order, we ordered him to pay $100 as a sanction and directed that "[u]ntil that sanction is paid, West may file no more appeals or initial pleadings challenging the validity of his conviction and sentence, whether those challenges are governed by § 2255 or any other statutory provision, in this court or in any court under this court's jurisdiction, without first obtaining the permission of this court or the forum court." *In re: Donald Joseph West*, No. 19-10491 (5th Cir. May 22, 2019). We further warned West that "future frivolous, repetitive, or otherwise abusive filings in this court or any court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions." *Id.* And we again ordered West to "review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive to avoid additional sanctions." *Id.*

Court records reflect West has not fulfilled payment of his previous $100 sanction and that in addition to this matter, on August 7, 2019, well after our imposition of sanctions, West moved for yet another COA in yet another action. We will therefore impose additional sanctions.

West is therefore ORDERED to pay $200 to the clerk of court in addition to our previous $100 sanction. Until West fulfills both payments, he is ENJOINED from making any filings pertaining to any post-conviction relief in this court or any court under our jurisdiction. After his payments are fulfilled, West is PERMANENTLY ENJOINED from making any additional filings pertaining to any post-conviction relief in this court or any court under our jurisdiction without first receiving permission from the forum court.

3

No. 18-11594

West is further ORDERED to dismiss any additional filings pertaining to any post-conviction relief in this court or any court under our jurisdiction within thirty days of entry of this order.

West is yet again WARNED that future frivolous, repetitive, or otherwise abusive filings in this court or any court under our jurisdiction will subject him to additional and progressively more severe sanctions.

West is finally WARNED that violations of this court's or the district court's orders, including violations of this order, may result in prosecution for civil or criminal contempt. *See* 18 U.S.C. § 401.