# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2024

Lyle W. Cayce
Clerk

No. 23-40583

BENNY R. ODEM, JR.,

*Plaintiff—Appellant*,

*versus*

LONNIE E. TOWNSEND, *Senior Warden*; MAJOR MICHAEL A. COLLUM, *Assistant Warden*; MELISSA J. MORTENSEN, *Case Manager II*; CHENEYA N. FARMER, *Case Manager II*; ROO PENA, *State Classification Committee Chairman*; M. PRICE, *Grievance Investigator III*; KIANTI J. JORDAN, *Unit Clerk I*; ROSHAN S. GERHARDT, *Unit Clerk I*; SPENCER R. LUCAS, II, *Unit Major, Michael Unit*; DEREK W. LIGHT, *Unit Captain, Michael Unit*; JOHNATHAN S. HYATT, *Unit Lieutenant*; DOUGLES W. FOUST, *Lieutenant*; JOHN H. HOLMES, *Unit Sergeant*; SHEKINA SMITH, *Unit Law Library Supervisor*; JEFFREY P. MORRIS, *Sergeant*; SAMMY C. POLKE, *Lieutenant*; BARBRA C. NEAL, *COV Property Officer*; AYODEJI ODUNLAMI; JETT UNKNOWN, *Sergeant*; JOHN DOE, *SCC Captain*; JANE DOE, *Grievance Supervisor*; JANE DOE, *Assistant Grievance Supervisor*; JOHN DOE, *Grievance Supervisor*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:22-CV-268

No. 23-40583

Before Elrod, *Chief Judge*, and Dennis and Higginson, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant, Benny R. Odem, Jr., a Texas prisoner proceeding pro se, brought a lawsuit alleging constitutional violations under 42 U.S.C. § 1983. On appeal, Odem argues that the district court abused its discretion by dismissing his complaint, denying his motions for reconsideration and relief from judgment, and denying him leave to amend his complaint. For the following reasons, we REVERSE and REMAND.

I

Odem, proceeding pro se, filed his initial civil rights complaint in July 2022, alleging that prison officials violated multiple of his constitutional rights. After the district court referred the case to a magistrate judge, the magistrate judge found that Odem's eighty-three-page long complaint violated the Eastern District of Texas's Local Rule CV-3(d) limiting civil rights complaints to thirty pages. He also found that Odem improperly joined unrelated claims. Accordingly, he granted Odem thirty days to amend his complaint to comply with the court rules and instructed Odem to "limit his complaint to no more than thirty pages."

Odem then filed a twenty-nine-page amended complaint. On the same day, he also filed a thirty-eight-page "Declaration (Affidavit) in Support of Statement of Claims," which he entitled "Exhibit O." This document, referenced throughout the amended complaint, provides factual support for Odem's allegations. While Odem's complaint did comply with the local rule's page limit, the magistrate judge found that the complaint, accompanied by "Exhibit O," was a "transparent attempt to evade the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40583

Court's page limit that is clearly spelled out in Local Rule CV-3(d) and a clear violation of this Court's previous Order," and that Odem had not addressed the misjoinder issue. He granted Odem another thirty days to amend his complaint, instructing him to "file a second amended complaint that complies with the Court's page limit."

Instead of filing a second amended complaint, Odem responded by filing a motion with the court. In it, Odem contended that his twenty-nine-page complaint, with the attached "Exhibit O," complied with Local Rule CV-3 because CV-3(d) excludes attachments from the page requirement. He concluded by stating he "w[ould] not be amending []his complaint any further at this proceeding."

Based on this response, the magistrate judge *sua sponte* issued a report and recommendation that the district court dismiss Odem's complaint without prejudice for failure to comply with the court's orders and take the steps necessary to prosecute his case under Rule 41(b) of the Federal Rules of Civil Procedure. The district court adopted the report and recommendation and entered a final judgment dismissing the case without prejudice for the same reasons. Odem subsequently filed a motion for reconsideration, which the district court construed as filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and denied.[1] Odem then filed another motion, which the district court construed as a motion for relief from judgment under Rule 60 of the Federal Rules of Civil Procedure with a motion for leave to amend. The district court denied this motion along with

---

[1] After filing his Rule 59 motion, but before the district court disposed of that motion, Odem filed a notice of appeal from the underlying judgment. That appeal was docketed in a separate case, which Odem voluntarily dismissed.

the motion to amend his complaint for the same reasons it expressed in its underlying judgment.

Odem filed a notice of appeal on October 12, 2023, following the denial of the constructive Rule 60(b) motion. That appeal is before us now.

## II

### A

Before addressing the merits of Odem's appeal, "we are obligated to examine the basis for our jurisdiction, *sua sponte*, if necessary." *Williams v. Chater*, 87 F.3d 702, 704 (5th Cir. 1996). As a preliminary matter, we find that we lack jurisdiction to directly examine the district court's judgment dismissing Odem's suit without prejudice. However, we do have jurisdiction to review the district court's denial of the Rule 60(b) motion and accompanying motion for leave to amend.

"In a civil action, a timely notice of appeal is a jurisdictional requirement." *United States v. McDaniels*, 907 F.3d 366, 370 (5th Cir. 2018). Generally, a notice of appeal must be filed within thirty days after the entry of judgment. Fed. R. App. P. 4(a)(1)(A). However, when a party timely files a Rule 59 motion to alter or amend a judgment, it suspends the time to file a notice of appeal until thirty days after the disposition of that motion. Fed. R. App. P. 4(a)(4)(A)(iv).

Here, the district court entered its judgment on July 28, 2023, and Odem timely filed his Rule 59 motion for reconsideration in response to that judgment. Thus, the deadline to file a notice of appeal was thirty days after the district court denied the Rule 59 motion on August 24, 2023. Fed. R. App. P. 4(a)(4)(A)(iv). But Odem did not file a notice of appeal within that timeframe. Instead, he filed another post-judgment motion, which the district court properly construed as a Rule 60(b) motion as it was filed more

than twenty-eight days from the entry of judgment. *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) ("If the [post-judgment motion] was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60."). Thus, Odem's notice of appeal, filed on October 5, 2023, forty-two days after the district court denied his Rule 59 motion, was untimely as to both the underlying judgment and the Rule 59 motion. *See* Fed. R. App. P. 4(a)(1)(A), 4(a)(4)(A). Accordingly, we lack jurisdiction to review both the underlying judgment and the Rule 59 motion. *See McDaniels*, 907 F.3d at 370.

However, Odem did timely file his notice of appeal as to his Rule 60 motion presenting additional grounds for reconsideration, which the district court denied on September 20, 2023. We do, therefore, have jurisdiction to review the district court's denial of the Rule 60 motion. *See McDaniels*, 907 F.3d at 370. And to the extent that Odem challenges the denial of his separate post-judgment motion for leave to amend his complaint, it is properly treated as part of the Rule 60(b) motion. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (holding that after final judgment is entered, a plaintiff seeking to amend a complaint may do so via a Rule 59(e) or Rule 60(b) motion, not a Rule 15 motion).

B

We review the denial of a Rule 60(b) motion for abuse of discretion. *Hall v. Louisiana*, 884 F.3d 546, 549 (5th Cir. 2018). However, "where denial of relief precludes examination of the full merits of the cause," we have employed a "lesser standard of review" such that "even a slight abuse may justify reversal." *Ruiz v. Quarterman*, 504 F.3d 523, 532 (5th Cir. 2007) (internal quotations omitted) (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981)); *see also Fackelman v. Bell*, 564 F.2d 734,

735 (5th Cir. 1977) (noting that a Rule 60 motion's "main application is to those cases in which the true merits of a case might never be considered because of technical error").

The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state, which is two years in Texas. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *see Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993); *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). In his complaint, Odem alleged constitutional violations stemming from events that occurred between February and July 2022. If Odem were to refile now, his claims would likely be barred by the statute of limitations, so affirming the denial of his Rule 60(b) motion would "preclude[] examination of the full merits of the cause." *See Ruiz*, 504 F.3d at 532 (quoting *Seven Elves, Inc.*, 635 F.2d at 402).

## C

After a thorough examination of the record before us, we find that the district court abused its discretion in denying Odem's Rule 60 motion, regardless of whether the lesser "slight abuse of discretion" or the ordinary abuse of discretion standard of review applies. The errors in the district court's Rule 60(b) ruling combined with the equitable considerations informing Rule 60 favor allowing Odem to modify his complaint as he requests so he may comply with the local rules and pursue his constitutional claims on the merits.[2]

---

[2] Moreover, finding that the district court abused its discretion is consistent with the well-founded principle that "*[p]ro se* prisoner complaints must be read in a liberal fashion and should not be dismissed unless it appears beyond all doubt that the prisoner could prove no set of facts under which he would be entitled to relief." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (quoting *Taylor v. Gibson*, 529 F.2d 709, 713–14 (5th Cir.

First, the district court's denial of Odem's Rule 60(b) motion demonstrates a "slight abuse" of discretion in and of itself. Under Rule 60(b), a district court may afford relief from a final order or judgment due to "mistake, inadvertence, surprise, or excusable neglect . . . ." Fed. R. Civ. P. 60(b)(1). Odem argued in his Rule 60(b) motion before the district court, and argues in his brief on appeal, that he should be allowed to amend his complaint because his "failure" to comply with the court's orders was an honest mistake and excusable neglect under Rule 60(b)(1) due to a lack of access to legal materials. In its denial of Odem's motion, the district court stated that Odem's lack of access to legal materials did not justify granting his motion because he had access to the court's orders. But the record shows these orders did not provide sufficient legal authority for Odem—a pro se prisoner—to remedy his flawed complaint. In its first order, the magistrate judge stated that Odem's "filing violates this Court's Local Rule CV-3(d), which limits initial pleadings in civil rights cases to 'thirty pages, excluding attachments,' unless the Court grants leave to exceed that limitation." The term "attachment" is not defined in the local rules, nor explained in the court's order. *See* E.D. Tex. LCR CV-3(d). In response, Odem attempted to comply with that order. He reduced his complaint to twenty-nine pages, but also attached a thirty-eight-page affidavit, entitled "Exhibit O." Again, the magistrate judge rejected his complaint, finding that the complaint and attachment, when combined, exceeded Rule CV-3(d)'s page limit. But the magistrate judge failed to explain the difference between Exhibit O and an attachment that would be excluded from the page limit. *Id.* As he argued in his Rule 60 motion, without an explanation, Odem lacked the legal materials

---

1976)); *see also Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) (noting that "district courts should not dismiss pro se complaints pursuant to Rule 12(b)(6) without first providing the plaintiff an opportunity to amend, unless it is obvious from the record that the plaintiff has pled his best case").

to modify his complaint in satisfaction of Local Rule CV-3(d), contrary to the district court's findings.

Second, when the district court's ruling is examined in light of the equitable considerations underlying Rule 60(b), it amounts to an abuse of discretion under any standard. We have previously delineated eight factors that should inform the district court's consideration of a motion under Rule 60(b) and our review of that consideration on appeal:

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

*Seven Elves*, 635 F.2d at 402.

The bulk of these factors favor reversal. Odem filed his Rule 60(b) motion prior to his deadline to appeal, which we have found was "within a reasonable time." *See FDIC v. Castle*, 781 F.2d 1101, 1105 (5th Cir. 1986) (quoting *Seven Elves*, 635 F.2d at 402). Odem's notice of appeal contests both the underlying judgment and the Rule 60(b) denial, foreclosing the possibility that he is attempting to skirt the normal appellate process. More importantly, substantial justice is better achieved through a judicial decision on the merits, not when claims are dismissed due to a technical failure to follow court rules. *See Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980) (finding that "to achieve

substantial justice[,] [d]oubt should be resolved in favor of a judicial decision on the merits of a case, and a technical error or a slight mistake by plaintiff's attorney should not deprive plaintiff of an opportunity to present the true merits of his claims"); *see also Amberg v. FDIC*, 934 F.2d 681, 686 (5th Cir. 1991) ("The Federal Rules are diametrically opposed to a tyranny of technicality and endeavor to decide cases on the merits."). And finally, the defendants have not suffered any prejudice. *See Haynes v. Turner Bass & Assocs.*, No. 20-40787, 2022 WL 2383855, at *1 (5th Cir. July 1, 2022) (finding that "there is no indication in the record that the defendants, who were not served, would be prejudiced"); *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Ultimately, when the district court denied Odem's Rule 60 motion for failing to comply with a technical requirement of a local rule, "a procedural hurdle was erroneously placed in [his] path," preventing any federal court from considering the merits of his constitutional claims. *See Ruiz*, 504 F.3d at 532. In doing so, it abused its discretion. Because we cannot allow a "potentially meritorious" claim to be "cut off at its knees," we REVERSE and REMAND to allow Odem to amend his complaint in compliance with the local rules, and for any other further proceedings that are not inconsistent with this opinion. *See id.*