# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 25, 2024

Lyle W. Cayce
Clerk

———————————

No. 23-20607
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Ezequiel Alanis Espitia,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-533-1

———————————————————————

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Ezequiel Alanis Espitia plead guilty pursuant to a plea agreement to conspiracy to possess with intent to distribute controlled substances and laundering monetary instruments. He was sentenced to a total of 324 months of imprisonment and a total of five years of supervised release. He timely appealed. We AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20607

Alanis Espitia argues the district court failed to ask whether his guilty plea was the result of force, threats, or promises apart from those in the plea agreement as required by Federal Rule of Criminal Procedure 11(b)(2).  He asserts that he wrote a letter to the district court, stating that he pled guilty only to the cocaine offense and indicating he thought the Government promised only to punish him for the cocaine listed in the factual basis.  Because Alanis Espitia did not raise this issue in the district court, we review his claim for plain error.  *United States v. Oliver*, 630 F.3d 397, 411–12 (5th Cir. 2011).  To show plain error, Alanis Espitia must show that there was an error, the error was clear or obvious, and the error affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.* (quotation marks, brackets, and citation omitted).

The district court erred because it did not ask Alanis Espitia whether his guilty plea was the result of force, threats, or promises not in the plea agreement, and this error was clear or obvious.  *See* Fed. R. Crim. P. 11(b)(2).  Alanis Espitia has not shown, however, that the error affected his substantial rights because he has not demonstrated a reasonable probability that he would not have pled guilty without the error.  *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).  His letter to the district court does not support his claim, but instead indicates that he misunderstood how the district court would determine his sentence under the Sentencing Guidelines.

In addition, the record indicates that his guilty plea was voluntary.  The plea agreement expressly provided that it was the complete agreement between the Government and Alanis Espitia, no other promises or representations were made by the Government, no threats had been made against him and he was pleading guilty freely and voluntarily.  "[O]fficial

documents — such as a written plea agreement — are entitled to a presumption of regularity and are accorded great evidentiary weight." *United States v. McDaniels*, 907 F.3d 366, 371 (5th Cir. 2018) (Federal Habeas case) (quotations omitted). We have previously held that the district court's error was harmless because the plea agreement expressly stated the plea was voluntary and not the result of force, threats, or promises. *United States v. Cuevas-Andrade*, 232 F.3d 440, 445 (5th Cir. 2000). Moreover, Alanis Espitia did not move to withdraw his guilty plea or argue in the district court that his guilty plea was the result of force, threats, or promises that were not part of the plea agreement.

Next, Alanis Espitia argues the district court erred in finding a factual basis to support his guilty plea to the money laundering offense. He relies on *Regalado Cuellar v. United States*, 553 U.S. 550, 568 (2008). We review it for plain error because he did not raise this issue in the district court. *Oliver*, 630 F.3d at 411–12. On plain error review, we may consider whether the entire record provides a sufficient factual basis for the guilty plea. *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010).

The record establishes there was a factual basis to support Alanis Espitia's guilty plea to the laundering of monetary instruments charge. In the factual basis and at the rearraignment hearing, he admitted that he transferred a box containing $68,000 in unlawful proceeds of the sale and distribution of controlled substances to a coconspirator for further transportation. His "[s]olemn declarations in open court carry a strong presumption of verity." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). In addition, the presentence report (PSR) provided that he was the head of a drug trafficking organization that was responsible for the distribution of cocaine, heroin, marijuana, and other drugs from Texas to Louisiana, Tennessee, Arkansas, and Virginia. The organization obtained the drugs from a source in Mexico and imported the drugs into the United

States.  It maintained stash houses to store the drugs and was responsible for securing and outfitting vehicles with hidden compartments to transport drugs and drug proceeds.  Therefore, the district court did not plainly err in determining there was a factual basis for Alanis Espitia's guilty plea to the money laundering offense.  *See Puckett*, 556 U.S. at 135.

Finally, Alanis Espitia argues that the district court sustained his objection to the seven kilograms of fentanyl based on the interview of a coconspirator.  A district court's determination of drug quantity is a factual finding reviewed for clear error.  *United States v. Dinh*, 920 F.3d 307, 310 (5th Cir. 2019).  "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole."  *Id.*

The record indicates that the district court did not sustain Alanis Espitia's objection to the seven kilograms of fentanyl.  Although the district court stated it sustained all of his objections except one, it also specifically stated that it found the revised PSR, which included the seven kilograms of fentanyl at issue, was correctly scored and that the correct advisory guidelines range was 324 to 405 months of imprisonment.  Alanis Espitia did not present any evidence to demonstrate that he was not responsible for the seven kilograms of fentanyl.  The Government presented additional evidence at the sentencing hearing to show he was responsible for the fentanyl at issue, including the grand jury testimony of the coconspirator.  Thus, the record does not support Alanis Espitia's argument that the district court sustained his objection to the seven kilograms of fentanyl.  Because the district court's finding is plausible in view of the record as a whole, the district court did not clearly err in finding that he was responsible for the seven kilograms of fentanyl at issue.  *See Dinh*, 920 F.3d at 310.

The judgment of the district court is AFFIRMED.